

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LAWRENCE PINCKNEY,<br>　　　　Plaintiff,<br><br>vs.<br><br>MARK A. PEPER, *Attorney*, and GREGORY VOIGT, *Solicitor*,<br>　　　　Defendants. | §<br>§<br>§<br>§ Civil Action No.: 2:22-4438-MGL<br>§<br>§<br>§<br>§ |

**AMENDED ORDER GRANTING MOTION FOR EXTENSION OF TIME,
ADOPTING THE REPORT AND RECOMMENDATION,
DISMISSING ACTION WITHOUT PREJUDICE, WITHOUT LEAVE TO AMEND,
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS,
AND DENYING MOTION TO APPOINT COUNSEL**

Plaintiff Lawrence Pinckney (Pinckney), proceeding pro se, filed a complaint against Defendants Mark A. Peper (Peper) and Gregory Voigt (Voigt) under 42 U.S.C § 1983.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss this action without prejudice, without leave to amend, and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge filed the Report on February 9, 2023. Pinckney failed to respond to the Report within the fourteen days provided, so the Court adopted the Report and dismissed the case without prejudice and without issuance and service of process. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note) ("[I]n the absence of a timely filed objection, a district court need not conduct

a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'").

On March 10, 2023, eleven days after objections were due, the Clerk's Office docketed Pinckney's motion for extension of time to file objections (which Pinckney appears to have delivered to the prison mailroom on March 6, 2023, four days after the Court issued its order).

On March 16, 2023, the Clerk's Office docketed Pinckney's objections, and on March 20, 2023, it docketed Pinckney's motion to appoint counsel.

The Court could refuse to consider the objections as untimely. Nevertheless, because Pinckney is pro se, the Court will review objections. It will therefore grant Pinckney's motion for extension of time. But, because it determines that the objections lack merit, it will overrule them and enter an amended judgment accordingly.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Report set forth a thorough recitation of the facts as alleged by Pinckney, which the Court repeats in this order only to the extent necessary to its analysis.

First, Pinkney objects to the Magistrate Judge's determination that Voigt, the solicitor on his case, enjoys prosecutorial immunity in this case.

Prosecutors are immune from Section 1983 claims where their challenged actions are "intimately associated with the judicial phase of the criminal process[.]" *Imbler v. Pachtman*, 424

2

U.S. 409, 430 (1976).  To determine whether a particular act is "intimately associated with the judicial phase[,]" the Court should employ a functional approach, distinguishing between advocative functions and investigative or administrative functions.  *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018) (quoting *Imbler*, 424 U.S. at 430).

Pinckney maintains that Voigt's allegedly false statements "in open court" as well as the fact that he moved to convict Pinckney despite evidence of his innocence should overcome prosecutorial immunity.  Objections at 2.

In-court statements are quintessentially "intimately associated with the judicial phase of the criminal process[.]"  *Nero*, 890 F.3d at 118.  So too are actions to advance a criminal action against a defendant.  *See id.* (listing preparing and filing charging documents, participating in a probable cause hearing, and presenting evidence at trial as instances in which the prosecutor acts as an advocate and thus enjoys absolute immunity).

Voigt is thus immune as to those alleged actions.

Pinckney also contends that Voigt "never looked at any other suspects[]" and "changed the date of death [of the victim] after [Pinckney] admitted to being at the victim's home[.]"  Objections at 2.

When prosecutors investigate a case before a probable cause determination, they may be unentitled to immunity as to actions related to the investigation.  *Nero*, 890 F.3d at 118.

But, it appears that Pinckney alleges Voigt's actions occurred after he was indicted.  For example, he alleges Voigt "changed the date of death" from December 24 to December 22.  Objections at 2.  But, the indictment, signed by Voigt, lists the murder as having occurred between December 23 and December 25.  Thus, if Voigt changed the alleged date of the crime to December 22, he did so after the indictment and in connection with the judicial phase of the process.

3

Thus, Voigt is immune as to these alleged actions, too.  The Court will therefore overrule this objection.

Next, Pinckney objects to the Magistrate Judge's determination that his allegations against Peper fail to state a claim.  He lists several reasons that he claims Peper provided ineffective assistance of counsel.

But, Pinckney ignores the reason for the Magistrate Judge's recommendation: that Peper, a private attorney, is unamenable to suit under Section 1983.  *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under [Section] 1983.").

Accordingly, Pinckney's allegations regarding Peper's conduct are immaterial.  The Court will thus overrule this objection, as well.

Finally, the Court will deny Pinckney's motion to appoint counsel, inasmuch as he has effectively set forth his arguments in his motions and is unentitled to relief.

Therefore, it is the judgment of the Court Pinckney's motion for extension of time is **GRANTED**.  And, after a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein.  Thus, this action is **DISMISSED WITHOUT PREJUDICE**, without leave to amend, and without issuance and service of process.  Finally, Pinckney's motion to appoint counsel is **DENIED**.

5

**IT IS SO ORDERED**.

Signed this 1st day of August 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.